**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **TOMMY JOE KELLEY** | § | |
| | § | |
| **V.** | § | **A-18-CA-143-LY** |
| | § | |
| | § | |
| **ANGIE CREASY, Assistant District** | § | |
| **Attorney, and JUDGE JULIE KOCUREK** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rules 1(e) and 1(f) of Appendix C of the Local Rules. Before the Court is Petitioner Tommy Joe Kelley's "Formal Complaint," which has been construed as a petition for writ of mandamus. Also before the Court is Petitioner's Motion for Leave to File Writ of Mandamus. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.

<u>STATEMENT OF THE CASE</u>

At the time he filed his "Formal Complaint," Petitioner was confined in the Segovia Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Petitioner was convicted in the 390th Judicial District Court of Travis County, Texas in Cause No. D-1-DC-11-300379 of unlawful use of a criminal instrument and sentenced to ten years' imprisonment.

Petitioner unsuccessfully challenged his conviction in multiple state applications for habeas corpus relief and was recently barred from filing future applications pertaining to his conviction unless he is able to show he could not have presented his claims in a previous application. *Ex parte Kelley*, Nos. WR-83,623-17, -18, -19, -20, -21, 2018 WL 525318 (Tex. Crim. App. Jan. 24, 2018).

Petitioner also unsuccessfully challenged his conviction in a federal application for habeas corpus relief. The Court dismissed Petitioner's application as time-barred on June 2, 2016. *Kelley v. Davis*, No. A-16-CV-346-SS (W.D. Tex.) (DE #10).

In his complaint Petitioner requests the Court to look into obstruction of justice by the Travis County District Attorney's Office and Judge Kocurek as it relates to his criminal case and his state applications for habeas corpus relief. He challenges Assistant District Attorney Angie Creasy's answer to his state application for habeas corpus relief. He also challenges Creasy's denial that the weapon was illegally seized by a police officer and that the officer lied in his report. Petitioner further challenges Creasy's denial of his claim that the State suppressed evidence at his trial and failed to turn over evidence subject to discovery. He also asserts the State fabricated a police report, and he faults the DA's Office for appeal to the Third Court of Appeals being dismissed for want of jurisdiction. He admits his claims against Creasy are time-barred but argues she can be prosecuted.

Petitioner also requests this Court hold a hearing with regard to the claims he made in his state applications for habeas corpus relief. Petitioner asserts he requested Judge Kocurek hold a hearing to investigate his allegations, but the judge denied his request. Petitioner contends Judge Kocurek's refusal to hold a hearing in his state habeas corpus case violates criminal law. Similarly, in his Motion for Leave to File Writ of Mandamus Petitioner requests the Court to order the state courts to hold a hearing to investigate his claims of prosecutorial misconduct.

## DISCUSSION AND ANALYSIS

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    Criminal Charges

Although Plaintiff's Formal Complaint is not clear, he appears to contend criminal charges should be brought against Assistant District Attorney Creasy and Judge Kocurek. However, Petitioner does not have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56 (5th Cir. 1990).

C.    Mandamus Relief

To the extent Petitioner is attempting to have this Court order the Assistant District Attorney or Judge Kocurek to take particular action with regard to his state applications for habeas corpus relief or hold a hearing to investigate prosecutorial misconduct, his request is in the nature of mandamus. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to

perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

The Travis County Assistant District Attorney and Judge are not officers or employees of the United States or any federal agency. Consequently, this Court is without power to order them to take particular action with regard to Petitioner's state applications for habeas corpus relief. As such, Petitioner's request for mandamus relief and motion for leave to file writ of mandamus must be dismissed as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

D.    Habeas Corpus Relief

Alternatively, to the extent Petitioner may be attempting to invalidate his state conviction and obtain habeas corpus relief from this Court, his request must be dismissed for want of jurisdiction. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). However, 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Because Petitioner has not obtained prior approval from the Fifth Circuit Court of Appeals to file a successive habeas corpus application, this Court is without jurisdiction to entertain Petitioner's request. *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding district court

does not have jurisdiction to consider successive § 2255 motion and remanding to district court with instructions to dismiss successive motion for want of jurisdiction).

## RECOMMENDATION

It is therefore recommended that Petitioner's Formal Complaint and Motion for Leave to File be dismissed without prejudice for want of jurisdiction pursuant to 28 U.S.C. § 1915(e). To the extent necessary, the Court should deny Petitioner a certificate of appealability.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 5th day of April, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE